Jon A. Birmingham (Cal. Bar No. 271034)
David M. Kogan (Cal. Bar No. 231383)
Fitch, Even, Tabin & Flannery LLP
21700 Oxnard Street, Suite 1740
Woodland Hills, California 91367
Telephone:  (818) 715-7025
Facsimile:   (818) 715-7033
jbirmi@fitcheven.com
dkogan@fitcheven.com

Attorneys for Plaintiff,
VAPOR SPOT, LLC

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAPOR SPOT, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>BREATHE VAPE SPOT, INC., a California Corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT FEDERAL UNFAIR COMPETITION AND STATE UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Vapor Spot, LLC ("VAPOR SPOT"), brings this suit for federal, state and common law unfair competition and trademark infringement against Defendant Breathe Vape Spot, Inc. ("VAPE SPOT") and alleges as follows:

## JURISDICTION AND VENUE

1.  This is a complaint for trademark infringement and unfair competition arising under Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

2.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.

3. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) as all claims herein form part of the same case or controversy.

4. This Court has personal jurisdiction over VAPE SPOT because, among other things, VAPE SPOT conducts and solicits business in this jurisdiction and, on information and belief, is resident in this jurisdiction and has commited at least some of the conduct discussed herein in this district.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) as VAPE SPOT is resident in this district and a substantial part of the events giving rise the claims herein occurred in this district.

## THE PARTIES

6. VAPOR SPOT is a California Limited Liability Company with a place of business at 2378 Westwood Blvd., Los Angeles, California 90064.

7. Upon information and belief, VAPE SPOT is California Corporation with a place of business at 5107 E. Pacific Coast Highway, Long Beach, California 90815.

## FACTUAL ALLEGATIONS
### VAPOR SPOT'S BUSINESS AND TRADEMARK

8. VAPOR SPOT opened its first retail store for electronic cigarettes and related products in 2010 and has since expanded to four physical locations in California. VAPOR SPOT's retail establishments provide the consumers with an opportunity to both purchase various electronic cigarettes and related devices, electronic cigarette liquid flavors, and other associated accessories, and to smoke their electronic cigarettes in a relaxing and friendly lounge area. VAPOR SPOT also actively sells products to consumers all over the United States through its website accessible via the domain name www.thevaporspot.com.

9. VAPOR SPOT owns trademark registration 4,189,117 for the mark "THE

2

1  VAPOR SPOT" in International Class 035 with respect to the following goods and
2  services: "retail and online retail store services featuring vapor cigarettes and electronic
3  cigarette related products and accessories, herbal vaporizers and aromatherapy diffusers,
4  breathable chocolate essences, various essences for use with vaporizers and diffusers,
5  flavored oxygen, vapor cigars and smoking alternatives" ("VAPOR SPOT's Trademark").
6  VAPOR SPOT's Trademark Registration No. 4,189,177 (a copy of which is attached
7  hereto as Exhibit 1) claims a date of first use of the mark in commerce as early as June 1,
8  2010.

## VAPE SPOT AND UNAUTHORIZED USE OF VAPOR SPOT'S TRADEMARK

10. VAPE SPOT is a retail store selling electronic cigarette and associated accessories and allowing consumers to smoke electronic cigarettes in a lounge area. VAPE SPOT is located in Long Beach, California. Upon information and belief, VAPE SPOT began use of its mark well after Registration No. 4,189,177 for the mark VAPOR SPOT issued.

11. VAPE SPOT has used and continues to use, without authorization, the mark "VAPE SPOT" in connection with the sale, offering for sale, distribution and/or advertising of VAPE SPOT's goods and/or services.

12. VAPE SPOT's physical location prominently displays the mark "VAPE SPOT," which is confusingly similar to VAPOR SPOT's Trademark "The Vapor Spot," to attract consumers to its store. The sign at VAPE SPOT's location is reproduced below:

3



13. Upon information and belief, VAPE SPOT controls and operates an Internet website that is accessible via the domain name www.breathevapespot.com.

14. VAPE SPOT's website prominently displays the mark "VAPE SPOT," which is confusingly similar to VAPOR SPOT's Trademark "The Vapor Spot," to attract consumers to its website. VAPE SPOT uses the following logo on its website:



4

15. Upon information and belief, VAPE SPOT has misused the mark "VAPE SPOT" for the purpose of trading on the goodwill of VAPOR SPOT in an effort to increase its revenues, its exposure, traffic to its physical store, traffic to its website, and/or opportunities for revenue in the future by virtue of the similarity of the VAPOR SPOT mark.

16. VAPE SPOT was initially advised of its infringing activities by the owner of VAPOR SPOT and demanded to cease-and-desist using VAPOR SPOT's Trademark via a letter dated July 15, 2014, a copy of which is attached hereto as Exhibit 2. VAPE SPOT was again advised of its infringing activities by VAPOR SPOT's counsel and demanded to cease-and-desist using VAPOR SPOT's Trademark via letters dated November 19, 2014, copies of which are attached as Exhibit 3. VAPE SPOT chose not to reply to VAPOR SPOT's cease-and-desist letters and chose to continue its infringing activities.

17. Three months after receiving VAPOR SPOT's first cease-and-desist letter, VAPE SPOT filed federal trademark application no. 86426345 with the United States Patent and Trademark Office. VAPE SPOT filed its trademark application in International Class 035 for "Retail store services featuring clothing, e cigarettes, e juices, and personal vape devices" and International Class 025 for "Hats; Shirts." Upon information and belief, to the extent VAPE SPOT sells and/or distributes its hats and shirts, VAPE SPOT does so in order to promote their services that infringe VAPOR SPOT's Trademark.

18. VAPE SPOT's use of the mark "VAPE SPOT" is unauthorized, and has caused confusion and will continue to cause a likelihood of confusion so long as it continues to be used as described above.

# FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT OF VAPOR SPOT'S FEDERALLY REGISTERED TRADEMARK
### (15 U.S.C. § 1114 *et seq.*)

19. VAPOR SPOT incorporates by reference paragraphs 1-18 of this Complaint.

20. VAPOR SPOT's Trademark is distinctive and, by virtue of the substantial investment and widespread promotion of VAPOR SPOT's Trademark, said mark has acquired distinctiveness as an exclusive indicator for VAPOR SPOT's goods and services.

21. VAPE SPOT uses a confusingly similar imitation of VAPOR SPOT's Trademark in connection with its own marketing, advertising, promotion and distribution of goods and services. VAPE SPOT's use of the phrase "VAPE SPOT" is not authorized by VAPOR SPOT, and its use is expressly misleading and likely to cause confusion, mistake, or deception that VAPE SPOT and/or its goods and services are associated with, sponsored, or approved by VAPOR SPOT when no such association, sponsorship or approval exists, and such use by VAPE SPOT constitutes a conscious intent to expressly mislead and confuse the consuming public, in violation of 15 U.S.C. § 1114.

22. VAPE SPOT's acts alleged herein were willful and deliberate and have harmed VAPOR SPOT in an amount to be determined at trial and such damage will increase unless VAPE SPOT is enjoined from its wrongful actions.

23. VAPE SPOT's infringing use of the phrase "VAPE SPOT" is causing immediate and irreparable injury to VAPOR SPOT and to its goodwill and reputation and will continue to damage VAPOR SPOT and confuse the public unless enjoined by this Court. VAPOR SPOT has no adequate alternative remedy at law to an injunction.

## SECOND CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125 *et seq.*)

24. VAPOR SPOT incorporates by reference paragraphs 1-23 of this Complaint.

25. VAPE SPOT's marketing, advertising, promoting, distributing and selling of goods and services in commerce using the mark VAPE SPOT that is confusingly similar to VAPOR SPOT's Trademark is without authority or license from VAPOR SPOT. VAPE SPOT's conscious use of a mark that is confusingly similar to VAPOR SPOT's Trademark, combined with the express or implied representation that such use originated with, is associated with, or is endorsed or approved by VAPOR SPOT, constitute unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

26. Based on VAPE SPOT's conduct in using the phrase "VAPE SPOT" in connection with VAPE SPOT's goods and services, consumers are likely to be misled and deceived into believing VAPE SPOTS goods and services are associated with, sponsored, or approved by VAPOR SPOT when no such association, sponsorship or approval exists.

27. Upon information and belief, VAPE SPOT's selection, incorporation and use of the mark "VAPE SPOT," was made with full knowledge of the prior and extensive use by VAPOR SPOT of VAPOR SPOT's Trademark and were done with an intent to deceive the consuming public particularly considering that VAPE SPOT began using the phrase "VAPE SPOT" over three years after VAPOR SPOT opened its first store and began extensively marketing and advertising the mark "THE VAPOR SPOT" in connection with its retail stores in print, on the Internet, and at major industry trade shows.

28. VAPE SPOT's acts alleged herein were willful and deliberate and have harmed VAPOR SPOT in an amount to be determined at trial and such damage will increase unless VAPE SPOT is enjoined from its wrongful actions.

29. VAPE SPOT's infringing use of the phrase "VAPE SPOT" is causing immediate and irreparable injury to VAPOR SPOT and to its goodwill and reputation and

will continue to damage VAPOR SPOT and confuse the public unless enjoined by this Court. VAPOR SPOT has no adequate alternative remedy at law to an injunction.

## THIRD CAUSE OF ACTION
## STATUTORY (Cal. B&P 17200 et seq.) AND
## COMMON LAW UNFAIR COMPETITION

30. VAPOR SPOT incorporates by reference paragraphs 1-29 of this Complaint.

31. VAPOR SPOT has common law trademark rights, including in California, to "THE VAPOR SPOT" Trademark.

32. VAPE SPOT has committed acts of unfair competition, including the conduct referred to in this Complaint, including using the phrase "VAPE SPOT" without VAPOR SPOT's authorization. These actions constitute unlawful, unfair or fraudulent business acts or practices, and/or unfair, deceptive, untrue or misleading business practices. The actions were done in connection with sales or advertising.

33. As a direct and proximate result of VAPE SPOT's wrongful acts, VAPOR SPOT has suffered and continues to suffer substantial pecuniary loss and irreparable injury to its business reputation and goodwill. As such, VAPOR SPOT's remedy at law is not adequate to compensate for injuries inflicted by VAPE SPOT. Accordingly, VAPOR SPOT is entitled to temporary, preliminary and permanent injunctive relief.

34. By reason of such wrongful acts, VAPOR SPOT is and was, and will be the future, deprived of, among other damages, the profits and benefits of business relationships, agreements, and transactions with various third parties and/or prospective business relationship. VAPE SPOT has wrongfully obtained profits and benefits instead of VAPOR SPOT. VAPOR SPOT is entitled to compensatory damages and disgorgement of VAPE SPOT's said profits, in an amount to be proven at trial.

35. Such acts, as alleged above, were done with malice, oppression and/or fraud, thus entitling VAPOR SPOT to exemplary and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, VAPOR SPOT prays for judgment against VAPE SPOT as follows:

1. That preliminary and permanent injunctive relief issue restraining VAPE SPOT, its officers, agents, servants, employees, representatives, successors and assigns, attorneys, and all those in active concert or participation with them from:

    a. Using VAPOR SPOT's Trademark, or any element thereof that makes VAPE SPOT's use confusingly similar to VAPOR SPOT'S Trademark, in the marketing, promotion, distribution, and/or sale of its goods and services; or

    b. From using any trademark which infringes VAPOR SPOT's Trademark, unfairly competing with VAPOR SPOT, or otherwise injuring VAPOR SPOT's business reputation in any manner;

2. That VAPE SPOT's federal trademark application no. 86426345 be finally and fully refused registration.

3. That VAPE SPOT shall destroy all advertising and goods that use VAPOR SPOT's Trademark;

4. That VAPE SPOT shall pay VAPOR SPOT compensatory damages and lost profits in an amount according to proof;

5. That VAPE SPOT shall pay VAPOR SPOT actual damages as calculated pursuant to 15 U.S.C. § 1117(a);

6. That VAPOR SPOT be awarded its reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a);

7. That VAPOR SPOT be awarded its costs in bringing this action; and

8. That VAPOR SPOT be awarded all such other and further relief as the Court deems just and proper.

                                                Fitch, Even, Tabin & Flannery LLP

Dated: March 20, 2015          By: /s/ Jon A. Birmingham
                                                Jon A. Birmingham
                                                David M. Kogan
                                                Attorneys for Plaintiff
                                                Vapor Spot, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all issues that are so triable.

                                              Fitch, Even, Tabin & Flannery LLP

Dated: March 20, 2015               By: /s/ Jon A. Birmingham
                                              Jon A. Birmingham
                                              David M. Kogan
                                              Attorneys for Plaintiff
                                              Vapor Spot, LLC